Joseph T. Pilato, J.
This is a motion for a summary judgment on a writ of habeas corpus concerning the custody of an infant child.
This child was born out of wedlock on July 17, 1972. She resided with her natural mother until her mother requested a temporary placement with the Department of Social Services (DSS) in November of 1972. The DSS placed this child with the respondents on November 22, 1972 on a temporary basis. The DSS agreement with the respondents was that the child was to be surrendered upon request. In June, 1973 and thereafter, demands were made by the petitioner mother for the return of her child upon both the foster parents and the DSS. The DSS demanded that the foster parents return the child. The foster parents refused all demands.
On August 13, 1974 a writ of habeas corpus was signed. The reply alleges that removal of the child at this time would not be in the best interests of the child; that a hearing should be held to determine that issue and further that upon information and belief, the mother is not capable of handling the child and further that she has abandoned and neglected the child and her parental rights should be terminated.
*90 The natural mother moves for a summary judgment on the pleadings, alleging that there is no issue of fact and that she is entitled to the return of her child as a matter of law.
There has been a breach of contract. The child was placed with the DSS with the specific understanding that when the mother requested her child returned that the DSS was to take the child out of foster care placement and return the child to her mother. The foster parents were to act as semiprofessionals. They were not to become adoptive parents at that time. They were to prepare the child to return to her home. When termination of the placement occurred, the DSS had the obligation to the natural mother to return the child to her unless they had good cause not to do so. There is no indication from the DSS that they had such good cause; such good cause would consist of investigation revealing that the mother was unfit, had neglected or abandoned the child. The DSS had the responsibility to return the child upon such mother’s demand and they should be criticized for not physically taking the child back upon such demand by her mother, or instituting proceedings on its own to effectuate an immediate removal. It appears the child will suffer from this delay.
We are not yet at this point in this State where a child belongs to the State and can be taken from its natural mother without showing the mother is incapable of handling that child. The pleadings allege such incapacity but the pleadings are unverified and do not state the source of their information and belief, do not allege facts. The testimony does not support the respondents, foster parents’ position that the natural mother abandoned, neglected, is unfit and isn’t capable of caring for this child.
The whole foster care program by definition, "temporary placement” may suffer as a result of a decision in favor of the foster parents in this instance. Children are placed in foster care because that parent realizes such a move may be beneficial to the child.
The respondents foster care parents have failed to obey the temporary order of this court for visitation by the natural mother under the supervision of the DSS; thereafter the court ordered that the child be returned to the DSS and placed in another foster home pending the court’s final determination. The respondent refused to do so in open court and to disclose where they were hiding the child except that the child was with a baby sitter; that the child’s whereabouts and the name *91 of the baby sitter were unknown, the court thereupon summarily held the respondent in contempt and the court remanded him to the Monroe County Sheriff pending purging himself of his contempt.
If the court were to decide in favor of the foster parents, it may reduce the number of foster care placements and children may not be placed because of the fear that they will never be returned despite the safeguards contained in the contractual arrangements, or in any contracts made. The child should be returned forthwith to her natural mother. The DSS shall supervise and assist the mother in the care and control of this child. The court is mindful that the transition period of the child leaving the foster parents and returning to the natural mother will require the full co-operation of all of the parties in this action. If the respondents generally have the best interests of this child in mind, they will co-operate in this endeavor, but hiding the child, disobeying the court’s order, failing to act as foster parents and frustrating visitation rights will not be in the child’s best interests.